UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| MARCO A. ARROY, | ) | |
|    Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 23-1129 |
| | ) | |
| ROB JEFFRIES, et. al., | ) | |
|    Defendants | ) | |

MERIT REVIEW ORDER

JAMES E. SHADID, U.S. District Judge:

This cause is before the Court for merit review of the Plaintiff's complaint. The Court is required by 28 U.S.C. §1915A to "screen" the Plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.

Plaintiff claims his constitutional rights were violated at Illinois River Correctional Center when officers failed to protect him from an inmate assault. Plaintiff has listed 16 Defendants including Illinois Department of Corrections (IDOC) Director Rob Jeffries, Warden T. Clark, Warden Boerdner, Major Smith, Major Thompson, Major Cannon, Major English, Major Bottrell, Chief Administrative Officer Victoria Ledge, Lieutenant Johnson, Officer Adams, Grievance Officer Lohnes, Dacia Fouts, Unknown Sergeant, Unknown Correctional Officer, and K. Dennis. Plaintiff says he is suing each Defendant in his or her individual capacity.

1

On May 2, 2022, Plaintiff told Lieutenant Jump that Inmate R. had threated to attack and injure Plaintiff.  Plaintiff has not listed this Lieutenant as a Defendant. Lieutenant Jump advised Plaintiff if he fought back, he would be charged with fighting. Plaintiff notes Inmate R is younger, bigger, and stronger. Plaintiff advised the Lieutenant that he was in danger, but the officer took no immediate action.

However, Plaintiff admits Lieutenant Jump did write an incident report on May 2, 2022 "concerning the threat to (plaintiff's) safety and wellbeing." (Comp., p. 6).

Plaintiff also submitted an emergency grievance on May 2, 2022 repeating Inmate R's threat and Plaintiff's concern for his safety.  Plaintiff claims Defendants Clark, Boerdner, Smith, Thompson, Cannon, English, Bottrell, Johnson, Adams, and Lohnes "had access" to both the grievance and incident report, but none of them took action to protect him. (Comp, p. 6). Plaintiff states an unspecified Defendant found his grievance did not meet the standard for emergency consideration.

Two days after Plaintiff spoke with Lieutenant Jump on May 4, 2022, Inmate R. began shouting at Plaintiff "in a threatening and aggressive manner" in "dietary" (Comp., p. 8).  Plaintiff claims the unknown Sergeant and Correctional Officers could hear the incident.  Plaintiff says Inmate R's conduct violated several disciplinary rules at the facility, but no officer took any action to remove Inmate R from dietary or otherwise protect Plaintiff.

As Plaintiff was leaving dietary, Inmate R. stood up, walked past several staff members, and assaulted Plaintiff.  The inmate punched Plaintiff repeatedly in the

2

mouth, lip, and chin.   Plaintiff was "immediately" in "severe pain, bleeding profusely, lightheaded, dizzy." (Comp., p. 10).

Plaintiff was transported to an outside hospital where he received stiches and other medical care. Plaintiff lost four teeth due to the assault.

The Eighth Amendment imposes a duty on prison officials "to take reasonable measures to guarantee the safety of inmates" and to "protect prisoners from violence at the hands of other prisoners." *Farmer v. Brennan*, 511 U.S. 825, 832-33 (1994). However, a failure-to-protect claim cannot be predicated "merely on knowledge of general risks of violence in a detention facility." *Brown v. Budz*, 398 F.3d 904, 913 (7th Cir. 2005). Instead, a prisoner plaintiff must "allege facts sufficient to show 'that the defendants had actual knowledge of an impending harm easily preventable, so that a conscious, culpable refusal to prevent the harm can be inferred from the defendant's failure to prevent it.'" *Santiago v. Walls*, 599 F.3d 749, 756 (7th Cir. 2010), *quoting Lewis v. Richards*, 107 F.3d 549, 553 (7th Cir. 1997).  In other words, a plaintiff must allege Defendants were deliberately indifferent to his health and safety. *Farmer,* 511 U.S. at 832-33.

In this case, Plaintiff says the Defendants knew he faced a substantial risk of injury due to his verbal report to Lieutenant Jump, his May 2, 2022 emergency grievance, Lieutenant Jump's incident report, and Inmate R's conduct in the dietary unit prior to the assault.  Nonetheless, the Defendants took any action to protect Plaintiff.

Plaintiff has adequately alleged Defendants Clark, Boerdner, Smith, Thompson, Cannon, English, Bottrell, Johnson, Adams, Lohnes, Unknown Sergeant, and Unknown Correctional Officer failed to protect him from an assault. The Court will also add

3

Lieutenant Jump as a Defendant since Plaintiff alleges the officer took no immediate action to protect Plaintiff or separate him from Inmate R. beyond writing an incident report.

Plaintiff is also advised to establish liability, he must demonstrate each "defendant was personally responsible for that violation." *Rasho v. Elyea*, 856 F.3d 469, 478 (7th Cir. 2017). "A defendant will be deemed to have sufficient personal responsibility if he directed the conduct causing the constitutional violation, or if it occurred with his knowledge or consent." *Sanville v. McCaughtry*, 266 F.3d 724, 740(7th Cir. 2001)(internal quotation marks omitted). "While the defendant need not have participated directly in the deprivation of the plaintiff's constitutional right to be held liable, he or she must nonetheless have known about the conduct, facilitated it, approved it, condoned it, or turned a blind eye for fear of what they might see." *Rasho*, 856 F.3d at 478 (internal quotation marks and citations omitted).

Therefore, Plaintiff must be able to demonstrate the listed Defendants not only had "access" to his grievance and/or the incident report, but actually knew about the contents and the specific threat to Plaintiff. (Comp, p. 6).  In addition, Plaintiff cannot sue every officer who was in dietary on the specific date and time, but only those who heard Inmate R. threaten Plaintiff.  Therefore, Plaintiff should use the discovery process to clarify which Defendants were personally involved in his claims.

Plaintiff next alleges he spoke with some Defendants after the assault, but they failed to take any action.   For instance, Plaintiff says he met with Defendant Dacia Fouts who he describes as IDOC's "Legal Department Representative." (Comp, p 14).

Plaintiff stated he was a non-violent offender who was on minimum security status, and he should not be at Illinois River Correctional Center. Plaintiff asked for his immediate transfer. The two then discussed a "Keep Separate From Order" used to separate inmates who pose a danger to each other. (Comp, p. 15). Plaintiff says Defendant Fouts "failed to remedy the wrong/failed to act [or] was so grossly negligent in managing subordinates who caused the unlawful event." (Comp, p. 15).

Plaintiff also wrote a letter to IDOC Director Jeffries on or about May 17, 2022 and provided a copy of his original emergency grievance. The Defendant did not respond.

On June 17, 2022, Plaintiff then filed another grievance about the "negligence" which lead to his assault on June 17, 2022. (Comp, p. 17). Plaintiff spoke with Defendant Dennis and sent a letter to Defendant Clark about the grievance. Plaintiff says Defendant Dennis intentionally delayed addressing his grievance.

Plaintiff has failed to articulate any additional claims. A Defendant cannot be held responsible for a failure to protect claim when they were not informed of the problem until after the assault occurred. *See i.e. Santiago,* 599 F.3d at 756 (plaintiff must allege defendants have knowledge of "an *impending* harm…")(emphasis added).

In addition, Plaintiff does not have a constitutional right to a transfer to the facility of his choice. *See i.e.Olim v. Wakinekona*, 461 U.S. 238, 245 (1983)(Inmates have no justifiable expectation to be incarcerated in any particular prison); *Johnson v. Barry*, 815 F.2d 1119, 1121 (7th Cir. 1987)(plaintiff had no protected expectation to either stay at his facility or avoid transfer to a facility with more severe rules); *Robertson v. Jeffreys*, 2023

5

WL 2777933, at *1 (C.D.Ill. April 4, 2023)( no constitutional right to transfer); *Jackson v. Brookhart*, 2021 WL 1146984, at *3 (S.D. Ill. March 25, 2021)("there is no constitutional right for a prisoner to be housed in a particular institution or placement.").

Plaintiff also has failed to state a claim based on a failure to properly respond to his grievance. *See Kervin v. Barnes*, 787 F.3d 833, 835 (7th Cir. 2015)("the inadequacies of the grievance procedure itself, as distinct from its consequences, cannot form the basis for a constitutional claim."); *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011)("Prison grievance procedures are not mandated by the First Amendment and do not by their very existence create interests protected by the Due Process Clause, and so the alleged mishandling of (plaintiff's) grievances by persons who otherwise did not cause or participate in the underlying conduct states no claim.").

In addition, simply sending a letter to the Warden "does not make a prison official liable for the alleged infraction." *Norington v. Daniels*, No. 11-282, 2011 WL 5101943, at *2–3 (N.D. Ind. Oct. 25, 2011); *see also Diaz v. McBride*, 1994 WL 750707, at *4 (N.D. Ind. Nov. 30,1994) (a plaintiff cannot establish personal involvement and subject a prison official to liability under § 1983, merely by sending the official various letters or grievances complaining about the actions or conduct of subordinates); *Thomas v. Knight*, 196 F. App'x 424, 429 (7th Cir. 2006) (explaining that a warden does not incur § 1983 liability just by participating in the grievance process).

Plaintiff also mentions a claim pursuant to the Federal Tort Claims Act (FTCA) but this is a statute which allows a federal inmate to sue for injuries sustained in a federal penitentiary. *See* 28 U.S.C. § 1346(b)(1). In addition, "negligence, gross

negligence, or even recklessness as the term is used in tort cases is not enough" to establish an Eighth Amendment violation. *Hildreth v. Butler*, 960 F.3d 420, 425-26 (7th Cir. 2020).

Finally, Plaintiff has filed a motion for appointment of counsel. [5]. Plaintiff has no constitutional right to the appointment of counsel. In addition, the Court cannot require an attorney to accept pro bono appointment in a civil case. The most the Court can do is ask for volunteer counsel. *See Jackson v. County of McLean,* 953 F.2d 1070, 1071 (7th Cir. 1992).

In considering Plaintiff's motion, the Court must ask two questions: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007), *citing Farmer v. Haas*, 990 F.2d 319, 322 (7th Cir. 1993). Plaintiff has demonstrated a reasonable attempt to find counsel on his own.

However, Plaintiff's failure to protect claim is not complex. Plaintiff has demonstrated he is capable of describing his efforts to warn Defendants about the threat to his safety and the responses received. Plaintiff has cited to relevant case law in his complaint.

In addition, once the Defendants are served, the Court will enter a scheduling order which provided information to assist Plaintiff with the discovery process and requires the initial exchange of relevant information. The motion is therefore denied [5].

IT IS THEREFORE ORDERED:

1) Pursuant to its merit review of the complaint under 28 U.S.C. § 1915A, the Court finds the Plaintiff alleges Defendants Lieutenant Jump, Clark, Boerdner, Smith, Thompson, Cannon, English, Bottrell, Johnson, Adams, Lohnes, Unknown Sergeant, and Unknown Correctional Officer violated his Eighth Amendment rights when they failed to protect Plaintiff from an inmate assault on May 4, 2022, at Illinois River Correctional Center. The claim is stated against the Defendants in their individual capacities only. Any additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

2) This case is now in the process of service. Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions, in order to give Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time, unless otherwise directed by the Court.

3) The Court will attempt service on Defendants by mailing each Defendant a waiver of service. Defendants have 60 days from service to file an Answer. If Defendants have not filed Answers or appeared through counsel within 90 days of the entry of this order, Plaintiff may file a motion requesting the status of service. After Defendants have been served, the Court will enter an order setting discovery and dispositive motion deadlines.

4) With respect to a Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address shall provide to the Clerk said Defendant's current work address, or, if not known, said Defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

5) Defendants shall file an answer within 60 days of the date the waiver is sent by the Clerk. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this Order. In general, an answer sets forth Defendants' positions. The Court does not rule on the merits of those positions unless and until a motion is filed by Defendants. Therefore, no response to the answer is necessary or will be considered.

6) Once counsel has appeared for a Defendant, Plaintiff need not send copies of his filings to that Defendant or to that Defendant's counsel. Instead, the Clerk will file Plaintiff's document electronically and send a notice of electronic filing to defense counsel. The notice of electronic filing shall constitute service on Defendants pursuant to Local Rule 5.3. If electronic service on Defendants is not available, Plaintiff will be notified and instructed accordingly.

7) Counsel for Defendants is hereby granted leave to depose Plaintiff at his place of confinement. Counsel for Defendants shall arrange the time for the deposition.

8) Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number.  Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

9) Within 10 days of receiving from Defendants' counsel an authorization to release medical records, Plaintiff is directed to sign and return the authorization to Defendants' Counsel.

**IT IS FURTHER ORDERED THAT THE CLERK IS DIRECTED TO:**

**1) Add Defendant Lieutenant Jump; 2) Dismiss Defendants Jeffries, Ledge, Fouts, and Dennis for failure to state a claim upon which relief can be granted pursuant to by 28 U.S.C. §1915A; 3) Deny Plaintiff's Motion for Appointment of Counsel, [5]; 4) Attempt service on Defendants pursuant to the standard procedures; 5) Set an internal court deadline 60 days from the entry of this order for the court to check on the status of service and enter scheduling deadlines; and 6) Enter the Court's standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.**

Entered this 19th day of April, 2023.

s/James E. Shadid

---
JAMES E. SHADID
UNITED STATES DISTRICT JUDGE